**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ANGELA BREWER,

    Plaintiff,

v.                                                                                                              Case No. 2:22-CV-715

VIRGIN GALACTIC, LLC,
a Delaware limited liability company.

    Defendant.

---

**COMPLAINT & DEMAND FOR JURY TRIAL**

ANGELA BREWER ("PLAINTIFF", "BREWER"), by and through the undersigned attorney, sues VIRGIN GALACTIC, LLC ("VIRGIN GALACTIC", "DEFENDANT") and alleges and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, BREWER, brings this action against VIRGIN GALACTIC, LLC, a Delaware limited liability company, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. Seq.* ("Title VII"); and the Florida Civil Rights Act, Fla. Stat §§ 760.01-760.011.

2. DEFENDANT hired PLAINTIFF in February of 2020 to work for VIRGIN GALACTIC. During PLAINTIFF's tenure at VIRGIN GALACTIC, she had excellent job performance and helped coordinate the launch that sent the founder of the Company to space.

3. Despite PLAINTIFF's many achievements, DEFENDANT discriminated against PLAINTIFF and retaliated against PLAINTIFF because of her religion.

4. For religious reasons, PLAINTIFF exercised her right to obtain a Religious Exemption from the COVID-19 Vaccination (which was required by her employer, DEFENDANT).

5. After exercising her right, DEFENDANT required PLAINTIFF to put her vaccine status/medical data into a "vaccine passport database" and for religious reasons, PLAINTIFF refused.

6. On December 8, 2021, PLAINTIFF was placed on administrative leave for refusing to put her vaccine status/medical data into a "vaccine passport database" even though PLAINTIFF was prohibited from putting her information in the database for religious reasons.

7. On December 31, 2021, after nearly two (2) years of service to VIRGIN GALACTIC, DEFENDANT unlawfully terminated PLAINTIFF for refusing to put her vaccine status/medical data into a "vaccine passport database" even though PLAINTIFF was prohibited from putting her information in the database for religious reasons.

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under Title VII. This court has supplemental jurisdiction over PLAINTIFF's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

## VENUE

9. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in Florida, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 2000e-5(f)(3), because the PLAINTIFF would have worked in this district but for the alleged unlawful employment practice, and 42 U.S.C. § 2000e-5(f)(3), because PLAINTIFF was permitted to work from home in this district.

## CONDITIONS PRECEDENT

10. BREWER timely filed a Complaint of religion discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

11. On or about August 8, 2022, the EEOC issued PLAINTIFF a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. PLAINTIFF has fully complied with all prerequisites to jurisdiction in this Court under Title VII and State law.

## PARTIES

12. PLAINTIFF resides in Fort Myers, Florida. PLAINTIFF is a citizen of Florida.

13. PLAINTIFF was an employee, as defined by Title VII and State law. PLAINTIFF worked, remotely, for VIRGIN GALACTIC in Fort Myers, Florida, through approximately December 2021. At the time the PLAINTIFF was hired by VIRGIN GALACTIC, she was residing in New Mexico and was later permitted to work from home, in Florida, with DEFENDANT's knowledge.  Prior to PLAINTIFF being employed with VIRGIN GALACTIC, she was employed with NASA for a period of thirty (30) years, bringing a unique skill set to the position.

14. Upon information and belief, VIRGIN GALACTIC LLC, is a Delaware limited liability company, with its registered office in Las Cruces, New Mexico. VIRGIN GALACTIC maintains offices and does business in New Mexico. VIRGIN GALACTIC is an employer as defined by Title VII. VIRGIN GALACTIC is an American spaceflight company founded by Richard Branson in 2004. It employs around eight-hundred and twenty-three (823) employees. It is headquartered in California and operates out of New Mexico. The company is developing commercial spacecraft and aims to provide suborbital spaceflights to tourists.

**FACTS**

15. In 2021, during the COVID-19 Pandemic, DEFENDANT began to require COVID-19 vaccinations for all of its employees, including PLAINTIFF.

16. PLAINTIFF, who is of the Christian faith, chose to get a religious exemption from the required vaccine. DEFENDANT accepted her religious exemption.

17. On the days leading up to the founder's spaceflight in July 2021, PLAINTIFF, and only a few other employees were required to wear a mask while at the worksite, due to not receiving the COVID-19 vaccine. DEFENDANT's founder, Richard Branson, called out to PLAINTIFF, "you're not vaccinated?", in front of many employees and then asked for her name. PLAINTIFF felt she was being singled out and shamed for her religious beliefs.

18. In late 2021, VIRGIN GALACTIC informed PLAINTIFF that she would be required to input her vaccine status/medical data into a "vaccine passport database" a third-party website.

19. PLAINTIFF refused to enter her exemption status into the third-party website. BREWER's religious beliefs are the factors behind her choice not to disclose her vaccine status/medical data into a "vaccine passport database" requested by her employer.

20. Since DEFENDANT shamed PLAINTIFF for her religious beliefs, reprimanded PLAINTIFF for exercising her religion, and terminated PLAINTIFF for exercising her religion, DEFENDANT discriminated and retaliated against BREWER based on her religion.

## COUNT I
## Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)

21. BREWER repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth herein.

22. BREWER is a Christian and was qualified for her position when DEFENDANT fired her.

23. DEFENDANT embarrassed BREWER regarding her religion.

24. In addition, DEFENDANT treated similarly situated employees, who did not share PLAINTIFF's religious beliefs, more favorably. Specifically, employees who took the COVID-19 Vaccine and input their vaccine status/medical data into a "vaccine passport database" were not reprimanded.

25. BREWER suffered damages as a result of DEFENDANT's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

26. DEFENDANT intentionally violated BREWER's rights under Title VII, with malice or reckless indifference, and, as a result, DEFENDANT is liable for damages.

## COUNT II
## Retaliation in Violation of Title VII of the Civil Rights Act of 1964
## (42 U.S.C. §§ 2000e et al.)

27. BREWER repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth herein.

28. Shortly after BREWER refused to upload her vaccine status/medical data into a "vaccine passport database" on the third-party website, DEFENDANT retaliated against BREWER by reprimanding and terminating BREWER for failing to provide her vaccine status/medical data into a "vaccine passport database".

29. BREWER suffered damages as a result of DEFENDANT's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

30. DEFENDANT intentionally violated BREWER's rights under Title VII, with malice or reckless indifference, and, as a result, BREWER was damaged, and DEFENDANT may be liable for punitive damages.

## COUNT III
### Retaliation in Violation of the Florida Civil Rights Act
### § 760.10, Fla. Stat.

31. BREWER repeats and realleges paragraphs 1 through 16 and 18 through 19 hereof, as if fully set forth herein.

32. At all times material hereto, DEFENDANT was an employer within the meaning of §§ 760.01 et seq., Fla. Stat., the Florida Civil Rights Act (FCRA).

33. At all times material, BREWER was an employee of DEFENDANT as defined by the FCRA, and as such she is protected from retaliation because she was opposed to the unlawful employment practice: requiring her to upload her vaccine status/medical data into a "vaccine passport database", despite it being against her religious beliefs.

34. At all times material, DEFENDANT was BREWER's employer as defined be the FCRA and as such DEFENDANT was prohibited from retaliating against BREWER because she was opposed to an unlawful employment practice.

35. Shortly after BREWER refused to upload her vaccine status/medical data into a "vaccine passport database" because it was against her religious beliefs, DEFENDANT reprimanded BREWER and terminated BREWER 's employment.

36. The termination of BREWER's employment was motivated by DEFENDANT's religious discrimination and retaliation and would not have occurred otherwise. Any legal reason articulated by DEFENDANT for that termination is merely pretextual.

37. DEFENDANT violated § 760.10(7), Fla. Stat., by retaliating against PLAINTIFF for practicing her religious beliefs.

38. Due to DEFENDANT's unlawful actions, BREWER has suffered damages, including but not limited to lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, humiliation, and loss of enjoyment of life; and costs, including attorney's fees and costs, incurred in pursuing redress for the deprivation of her civil rights.

39. The aforementioned intentional discriminatory acts of DEFENDANT, through their employees and/or agents, were performed with malice or with reckless indifference to the BREWER 's protected civil rights.

40. Pursuant to § 760.11(5), Fla. Stat., BREWER seeks punitive damages.

41. Pursuant to § 760.11(5), Fla. Stat., BREWER is entitled to recover reasonable attorney's fees as part of her costs.

42. BREWER has retained the services of an attorney in the vindication of her civil rights and is obligated to pay her attorney a reasonable fee.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that DEFENDANT violated PLAINTIFF's civil rights under the FCRA, enjoining DEFENDANT from such conduct in the future;

C. Award PLAINTIFF compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award PLAINTIFF damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award PLAINTIFF front pay (including benefits);

F. Award to PLAINTIFF liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

G. Award to PLAINTIFF all costs and reasonable attorneys' fees incurred in connection with this action;

H. Award to PLAINTIFF, if applicable, punitive damages;

I. Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF demands trial by jury in this action of all issues so triable.

Dated this 6th day of November 2022.

                Light Path Law, P.A.
                *Attorneys for Plaintiff*
                2740 Oak Ridge Court, Suite 303
                Fort Myers, FL 33901
                Phone: (239) 689-8481
                Fax: (239) 294-3930
                kscott@lightpathlaw.com (Primary)
                jjordan@lightpathlaw.com (Secondary)
                jlooper@lightpathlaw.com (Secondary)

By: /s/ Kristie A. Scott
      Kristie A. Scott
      Florida Bar No. 108111